ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed April 30. 1914.

1. An office is vacant where there is no encumbent of it who is authorized to perform the functions of the office.

2. Under the Constitution of this State the authority of an encumbent of an office is not affected by his physical or mental inability to perform the functions of the office.

3. Under the Constitution of this State long continued illness of a Circuit Judge rendering him unable to devote his personal attention to the duties of his office, does not create a vacancy in the office so as to authorize an executive appointment thereto.

STATE OF FLORIDA,

EXECUTIVE CHAMBER,

Tallahassee, April 28, 1914.

*To the Honorable Justices of the Supreme Court of Florida:*

Gentlemen—

Section 17 of Article XVI of the State Constitution is as follows:

"No person shall hold any office of trust or profit under the laws of this State without devoting his personal attention to the duties of the same."

Section 33 of Article V of the Constitution is as follows:

"When the office of any Judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the Judge whose death, resignation, retirement or other cause created such vacancy."

Section 6 of Article IV of the Constitution provides that the Governor shall take care that the laws are faithfully executed.

It is officially known to me as Governor, that for a period of about ten months last past the Judge of the Circuit Court for one of the Judicial Circuits of this State has been wholly disabled, by reason of illness, to discharge any of the duties of his office and that said Judge has not during such period devoted his personal attention to the duties of the same. There is medical evidence before me which is deemed reliable, to the effect that the illness of the said Judge is incurable and that by reason of the nature of same he will not again be able to devote his personal attention to the duties of his said office. The term of the said Judge will not expire until June, 1917. During the period which has elapsed since the said Judge was stricken with illness, the duties which were incumbent upon him to discharge, have been discharged as far as it was practicable by the Judges of the other Circuits, under the provisions of law. There are a number of representations before me that the public interests and the proper administration of justice in said Circuit are suffering because of the conditions stated.

Advisory Opinion to Governor.

In view of the premises I have the honor, in pursuance of the provisions of Section 13 of Article IV of the Constitution, to request a written opinion of the Justices of the Supreme Court as to whether the extended and continuing illness of the said Circuit Judge and his consequent inability and failure to "devote his personal attention to the duties" of his office, creates in the meaning of the Constitution such a vacancy in the said office of Judge of the Circuit Court as to make it the duty of the Governor to make an appointment to fill such vacancy.

                    Very respectfully,
                              PARK TRAMMELL,
                                        Governor.

IN THE SUPREME COURT OF FLORIDA,

JANUARY TERM, A. D. 1914.

                    Tallahassee, April 30th, 1914.

To His Excellency,
        Park Trammell,
                Governor of Florida:

Sir—

Your request under the constitution for an opinion as to whether serious and long continued illness resulting in the inability and failure of a Circuit Judge to "devote his personal attention to the duties of his office, creates, in the meaning of the constitution, such a vacancy in the said office as to make it the duty of the Governor to make an appointment to fill such vacancy," has been duly considered.

The provision of the constitution that "no person shall hold any office of trust or profit under the laws of this

State without devoting his personal attention to the duties of the same," does not *ipso facto* cause a vacancy in an office which is held by an incumbent "without devoting his personal attention to the duties of the same." No legislation has been enacted making the failure of the Circuit Judge from any cause or for any reason, to devote his personal attention to the duties of his office, to operate as or cause a vacancy in the office. An office is vacant when there is no encumbent of it authorized to perform its functions. In the case stated there is an incumbent of the office authorized to perform its functions. In this State the authority of an officer is not affected by his physical or mental inability to perform the functions of his office. Under these circumstances you are advised that on the facts stated in your communication there exists no vacancy in the office referred to so as to authorize an executive appointment thereto.

Very respectfully,

T. M. SHACKLEFORD,
R. F. TAYLOR,
R. S. COCKRELL,
W. A. HOCKER,
J. B. WHITFIELD,
Justices Supreme Court.