### IN RE: ADVISORY OPINION TO GOVERNOR

8 So. (2nd) 26                                    En Banc
May 12, 1942

PER CURIAM:

## STATE OF FLORIDA
## EXECUTIVE DEPARTMENT
### Tallahassee

Spessard L. Holland,
  Governor
Ralph Davis,
  Executive Secretary

April 28, 1942.

To the Honorable, the Chief Justice, and Justices of the Supreme Court of Florida

Gentlemen:

Section 17 of Article XVI of our Constitution is as follows:

"No person shall hold any office of trust or profit under the laws of this State without devoting his personal attention to the duties of the same."

Section 6 of Article IV of our Constitution is as follows:

"The Governor shall take care that the laws be faithfully executed."

Section 7 of Article IV of our Constitution is as follows:

"When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term."

Section 6 of Article XVIII of our Constitution is as follows :

"The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution,

shall extend only to the election and qualification of a successor at the ensuing general election."

Section 15 of Article XVI of our Constitution is as follows:

"No person holding or exercising the functions of any office under any foreign Government, under the Government of the United States, or under any other State, shall hold any office of honor or profit under the government of this State; . . ."

Section 396 Revised General Statutes of Florida (C.G.L. 461) provides that every office shall be deemed vacant in ten specified cases, the two here pertinent being the third and fourth, as follows:

"Third. By his removal."

"Fourth. By his ceasing to be an inhabitant of the State, district, county, town or city for which he shall have been elected or appointed."

Section 399 Revised General Statutes of Florida (C.G.L. 464) provides as follows:

"In all such cases, and in all other cases in which a vacancy may occur, if the office be a State, district or county office (other than a member of the Legislature), it shall be the duty of the Governor to fill such by appointment, . . ."

Section 400 Revised General Statutes of Florida (C.G.L. 465), applicable, by its own terms, only "to such officers as are now authorized by law to appoint deputies", provides:

"Any county or State official of the State of Florida, subject to the provisions and conditions hereinafter set forth, may be granted leave of absence from his office, to serve in the volunteer forces of the United States, or in the National Guard of the State of

Florida, or in the regular Army or Navy of the United States, when the same shall be called into active service of the United States during war between the United States and a foreign Government."

Section 401 Revised General Statutes of Florida (C.G.L. 466) provides:

"When any such officer shall volunteer or be called into the service of the United States during war, the Governor shall, upon application being made by such officer, grant such officer leave of absence during the time he shall be retained in such military service; Provided, such service shall not extend beyond the term of office of such officer, in which event the office shall be filled by election at the expiration thereof."

Section 402 Revised General Statutes of Florida (C.G.L. 467) provides:

"Before applying for such leave of absence as above mentioned, such officer shall appoint a capable and competent deputy to take over and perform the duties of the office, . . ."

Chapters 20718 and 20863, Acts of 1941, insofar as the same are pertinent to this inquiry, provide, substantially as follows:

"All State and County officials in the State of Florida, and all others who hold office under the government of the State of Florida, and who are officers (or enlisted men) either in the Florida Defense Force, the National Guard, the Naval Militia, Marine Corps, Unorganized Militia, United States Army Reserve, United States Navy Reserve, United States Marine Corps Reserve, United States Coast Guard Reserve, or officers in any other class of the militia, or county school officer, . . . may subject to the provisions and

conditions hereafter set forth, be granted leave of absence from their respective 'officers' and duties to perform active military service, et cetera."

Section 2 of Chapter 20718, supra, defines "active military service" as:

". . . active duty in the Florida Defense Force or Federal service in training or on active duty with any branch of the Army of the United States, the United States Navy, the Marine Corps of the United States, the Coast Guard of the United States, . . . , and shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause." and that the "period of active military service" means the period beginning with the date of entering upon the active military service and ending thirty days immediately next succeeding the date of release or discharge from such service, or upon return from such service.

Section 3 of the same Act provides that leaves of absence thereunder may be granted or denied by the Governor, in his discretion.

Section 6 of the same Act provides that upon such officer terminating his active military service, he shall immediately enter upon the duties of his office for the unexpired portion of his term.

The incumbent Sheriff of one of our most populous counties, as a Captain in the United States Army Reserves, was called and inducted into the active service of the United States Army, effective April 14, 1942. On April 9, 1942, he requested leave of absence during the time he was remaining in such military service, "as is provided by law." He advised me that he had appointed a deputy to take over and perform the

duties of the office of Sheriff. At the present time he is assigned to duty in the United States Army in the county in which he resides and for which he was elected to office.

On April 13, 1942, I, acting under authority of Chapters 20718 and 20863, supra, granted the request for a period of thirty days beginning April 14, 1942.

The Sheriff involved filed his acceptance of the leave granted as above indicated, but under the assumption that it was granted under both enactments, to-wit: Section 400 et seq., Revised General Statutes (465 et seq. C. G. L.) and the 1941 Act, supra, dependent upon the applicability of the one or the other.

Availing myself of the provisions of Section 13 of Article IV of the Constitution of the State of Florida, I now respectfully request your written opinion upon the questions affecting my Executive powers and duties under the Constitution, as follows:

1. Whether or not, the induction into active service of the incumbent Sheriff as a Captain in the United States Army Reserve constitutes "holding and exercising the functions" of an "office under the government of the United States" so as to invoke the inhibitions of Section 15 of Article XVI of the Constitution of the State of Florida, and so as to create a vacancy such as I am required to fill under applicable constitutional provisions.

2. Whether or not, upon the expiration of the period covered by the leave of absence already granted, as hereinbefore indicated, there will be such a vacancy in the office involved as I am required to fill by appointment under applicable Constitutional provisions.

3. Whether or not, in the event of a renewal from time to time of the leave of absence already granted, as above indicated, there will be such a vacancy in said office as I am required to fill by appointment under applicable Constitutional provisions.

4. Whether or not the induction into the active service of the United States Army as a Commissioned Officer of the official involved, ipso facto, created a vacancy in the office involved such as I am required to fill by appointment under applicable Constitutional provisions.

In view of the great importance of these questions and the wide public interest therein, I most respectfully request a full interpretation of the applicable Constitutional provisions affecting my Executive powers and duties in the premises.

With great respect,
Spessard L. Holland

Spessard L. Holland
Governor

STATE OF FLORIDA
EXECUTIVE DEPARTMENT
Tallahassee

Spessard L. Holland
Governor

Ralph Davis
Executive Secretary

April 29, 1942

To the Honorable, the Chief Justice, and Justices of the Supreme Court of Florida

Gentlemen:

Section 17 of Article XVI of our Constitution is as follows:

"No person shall hold any office of trust or profit under the laws of this State without devoting his personal attention to the duties of the same."

Section 6 of Article IV of our Constitution is as follows:

"The Governor shall take care that the laws be faithfully executed."

Section 7 of Article IV of our Constitution is as follows:

"When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term."

Section 6 of Article XVIII of our Constitution is as follows:

"The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election."

Section 396 Revised General Statutes of Florida (C. G. L. 461) provides that every office shall be deemed vacant in ten specified cases, the two here pertinent being the third and fourth, as follows:

"Third. By his removal."

"Fourth. By his ceasing to be an inhabitant of the State, district, county, town or city for which he shall have been elected or appointed."

Section 399 Revised General Statutes of Florida (C. G. L. 464) provides as follows:

"In all such cases, and in all other cases in which a vacancy may occur, if the office be a State, district or

county office, (other than a member of the Legislature), it shall be the duty of the Governor to fill such by appointment, . . ."

Section 119 Chapter 19355, Acts of 1939 (School Code) defines "County Board" as "County Board of Public Instruction;" and "County Superintendent" as "County Superintendent of Public Instruction."

Section 548 of Chapter 19355, Acts of 1939, (School Code) provides as follows:

"It shall be the duty of the County Board to make regulations governing absences of any personnel not covered by the School Code."

Section 118 (15) provides:

"Administrative personnel comprises the County Superintendent and those persons who may be employed as professional administrative assistants to the County Superintendent, but does not include secretarial, clerical, or other office assistants."

Section 2 of Chapter 20970, Acts of 1941, amending Section 431 of Chapter 19355, supra, provides as follows:

"The County Superintendent shall be the secretary and executive officer of the County Board; Provided that when the County Superintendent of any County is required to be absent on account of performing services in the volunteer forces of the United States or in the National Guard of the State of Florida or in the regular Army or Navy of the United States, when the said County Superintendent shall be called into active training or service of the United States under an Act of Congress or pursuant to a proclamation by the President of the United States, he shall then be entitled to a leave of absence for not to exceed the

remaining portion of the term for which he was elected."

Chapters 20718 and 20863, Acts of 1941, insofar as the same are pertinent to this inquiry, provide, substantially as follows:

"All State and County officials in the State of Florida, and all others who hold office under the government of the State of Florida, and who are officers (or enlisted men) either in the Florida Defense Force, the National Guard, the Naval Militia, Marine Corps, Unorganized Militia, United States Army Reserve, United States Navy Reserve, United States Marine Corps Reserve, United States Coast Guard Reserve, or officers in any other class of the militia, or county school officers, . . . may, subject to the provisions and conditions hereafter set forth, be. granted leave of absence from respective 'officers' and duties to perform active military service, et cetera."

Section 2 of Chapter 20718, supra, defines "active military service" as:

". . . active duty in the Florida Defense Force or Federal service in training or on active duty with any branch of the Army of the United States, the United States Navy, the Marine Corps of the United States, the Coast Guard of the United States, . . ., and shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause." and that the "period of active military service" means the period beginning with the date of entering upon the active military service and ending thirty days immediately next succeeding the date of release or discharge from such service, or upon return from such service.

Section 3 of the same Act provides that leaves of absence thereunder may be granted or denied by the Governor, in his discretion.

Section 6 of the same Act provides that upon such officer terminating his active military service, he shall immediately enter upon the duties of his office for the unexpired portion of his term.

There are three counties in the State in each of which the County Superintendent of Public Instruction who is duly elected, qualified and now serving as such has either been called to military service in the Army of the United States or is about to be called to such service. In one of such counties the said County Superintendent of Public Instruction has already reported for such military service and in the other two counties the call to such service is now impending, and I have been notified in the one case by the official himself of such fact, and in the other case by the Chairman of the Board of Public Instruction of the County affected.

Availing myself of the provisions of Section 13 of Article IV of the Constitution of the State of Florida, I now respectfully request your written opinion upon the question affecting my Executive powers and duties under the Constitution, as follows, to-wit:

Whether or not, upon the induction into actual military service of the United States, of any County Superintendent of Public Instruction, there is created a vacancy in the office involved, such as I am required to fill by appointment under applicable Constitutional provisions.

In view of the great importance of this question, and the wide public interest therein, I most respect-

fully request a full interpretation of the applicable Constitutional provisions affecting my Executive powers and duties in the premises.

With great respect,
Spessard L. Holland

Spessard L. Holland
Governor

May 9, 1942

Governor Spessard L. Holland
Tallahassee, Florida

Sir:

We are in receipt of your request of April 28th for advisory opinion as follows:

"To the Honorable, The Chief Justice, and Justices of the Supreme Court of Florida

Gentlemen:

Section 17 of Article XVI of our Constitution is as follows:

'No person shall hold any office of trust or profit under the laws of this State without devoting his personal attention to the duties of the same.'

Section 6 of Article IV of our Constitution is as follows:

'The Governor shall take care that the laws be faithfully executed.'

Section 7 of Article IV of our Constitution is as follows:

'When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.'

Section 6 of Article XVIII of our Constitution is as follows:

'The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election.'

Section 15 of Article XVI of our Constitution is as follows:

'No person holding or exercising the functions of any office under any foreign Government, under the Government of the United States, or under any other State, shall hold any office of honor or profit under the government of this State; . . .'

Section 396 Revised General Statutes of Florida (C. G. L. 461) provides that every office shall be deemed vacant in ten specified cases, the two here pertinent being the third and fourth, as follows:

'Third. By his removal.'

'Fourth. By his ceasing to be an inhabitant of the State, district, county, town, or city for which he shall have been elected or appointed.'

Section 399 Revised General Statutes of Florida (C. G. L. 464) provides as follows:

'In all such cases, and in other cases in which a vacancy may occur, if the office be a State, district or county office, (other than a member of the Legislature), it shall be the duty of the Governor to fill such by appointment, . . .'

Section 400 Revised General Statutes of Florida (C. G. L. 465), applicable, by its own terms, only 'to such officers as are now authorized by law to appoint deputies,' provides:

'Any county or State official of the State of Florida, subject to the provisions and conditions hereinafter

set forth, may be granted leave of absence from his office, to serve in the volunteer forces of the United States, or in the National Guard of the State of Florida, or in the regular Army or Navy of the United States, when the same shall be called into active service of the United States during war between the United States and a foreign Government.'

Section 401 Revised General Statutes of Florida (C. G. L. 466) provides:

'When any such officer shall volunteer or be called into the service of the United States during war, the Governor shall, upon application being made by such officer, grant such officer leave of absence during the time he shall be retained in such military service; Provided, such service shall not extend beyond the term of office of such officer, in which event the office shall be filled by election at the expiration thereof.'

Section 402 Revised General Statutes of Florida (C. G. L. 467) provides:

'Before applying for such leave of absence as above mentioned, such officer shall appoint a capable and competent deputy to take over and perform the duties of the office, . . .' Chapters 20718 and 20863, Acts of 1941, insofar as the same are pertinent to this inquiry, provide, substantially as follows:

"All State and County officials in the State of Florida, and all others who hold office under the Government of the State of Florida, and who are officers (or enlisted men) either in the Florida Defense Force, the National Guard, the Naval Militia, Marine Corps, Unorganized Militia, United States Army Reserve, United States Navy Reserve, United States Marine Corps Reserve, United States Coast Guard Reserve, or officers in any other class of the militia, or county

school officers, . . . may, subject to the provisions and conditions hereafter set forth, be granted leave of absence from their respective 'officers' and duties to perform active military service, et cetera.'

Section 2 of Chapter 20718, supra, defines 'active military service' as:

'. . . active duty in the Florida Defense Force or Federal service in training or on active duty with any branch of the Army of the United States, the United States Navy, the Marine Corps of the United States, the Coast Guard of the United States, . . ., and shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause.' and that the 'period of active military service' means the period beginning with the date of entering upon the active military service and ending thirty days immediately next succeeding the date of release or discharge from such service, or upon return from such service.

"Section 3 of the same Act provides that leaves of absence thereunder may be granted or denied by the Governor, in his discretion.

Section 6 of the same Act provides that upon such officer terminating his active military service, he shall immediately enter upon the duties of his office for the unexpired portion of his term.

The incumbent Sheriff of one of our most populous counties, as a Captain in the United States Army Reserves, was called and inducted into the active service of the United States Army, effective April 14, 1942. On April 9, 1942, he requested leave of absence during the time he was remaining in such military service, 'as is provided by law.' He advised me that he had appointed a deputy to take over and perform the

duties of the office of Sheriff. At the present time he is assigned to duty in the United States Army in the county in which he resides and for which he was elected to office.

On April 13, 1942, I, acting under authority of Chapters 20718 and 20863, supra, granted the request for a period of thirty days beginning April 14, 1942.

The Sheriff involved filed his acceptance of the leave, granted as above indicated, but under the assumption that it was granted under both enactments, to-wit: Section 400 et seq. Revised General Statutes (465 et seq. C. G. L.) and the 1941 Act, supra, dependent upon the applicability of the one or the other.

Availing myself of the provisions of Section 13 of Article IV of the Constitution of the State of Florida, I now respectfully request your written opinion upon the questions affecting my Executive powers and duties under the Constitution, as follows:

1. Whether or not, the induction into active service of the incumbent Sheriff as a Captain in the United States Army Reserve constitutes 'holding and exercising the functions' of an 'office under the government of the United States' so as to invoke the inhibitions of Section 15 of Article XVI of the Constitution of the State of Florida, and so as to create a vacancy such as I am required to fill under the applicable constitutional provisions.

2. Whether or not, upon the expiration of the period covered by the leave of absence already granted, as hereinbefore indicated, there will be such a vacancy in the office involved as I am required to fill by appointment under applicable Constitutional provisions.

3. Whether or not, in the event of a renewal from "time to time of the leave of absence already granted, as above indicated, there will be such a vacancy in said office as I am required to fill by appointment under applicable Constitutional provisions.

4. Whether or not the induction into the active service of the United States Army as a Commissioned Officer of the official involved, ipso facto, created a vacancy in the office involved such as I am required to fill by appointment under applicable Consitutional provisions.

In view of the great importance of these questions and the wide public interest therein, I most respectfully request a full interpretation of the applicable Constitutional provisions affecting my Executive powers and duties in the premises.

With great respect,

Spessard L. Holland
Governor."

In reply to question one, you are advised that the induction of the Sheriff of any county as Captain into the United States Army Reserve does not constitute the holding or the exercise of the functions of an office under the government of the United States such as would disqualify him to hold office under Section 15 of Article XVI of the Constitution of Florida. It will be observed that "militia officers" are excepted from the provisions of Section 15 of Article XVI and may be elected or appointed to legislative, executive, or judicial office. The Sheriff is the executive officer of the County and when the State Militia was federalized by Act of Congress and called into service on behalf of the Federal Government, the exemption placed on it

was not withdrawn. It therefore follows that no vacancy occurs when a Sheriff is inducted into the service of the armed forces of the United States. In answer to your second question, you are advised that there will be no vacancy in the office of Sheriff when the thirty day leave of absence you granted him beginning April 14, 1942, expires. Your constitutional duty in this is regulated by Chapter 20718 as amended by Chapter 20863, Acts of 1941.

The latter Act was a complete revision of Chapter 7393, Acts of 1917, on the same subject and modified statutory provisions quoted in your letter affecting vacancies in office. The purpose of the latter act was to secure to all State and County officers their tenure during the time for which elected if called into the armed forces of the United States. Since the State Constitution recognizes allegiance to the Federal Government, State Constitutional provisions should be construed to effectuate that allegiance. It is within the constitutional power of the legislature to secure a State or County Officer in his tenure during the period for which he was elected and we find nothing in Chapter 20718 as amended by Chapter 20863, Acts of 1941, inconsistent with this power.

If the officer who requests the leave of absence under the statute is authorized to name a deputy to take charge of and perform the duties of the office, he should name a competent person to do this before or at the time of requesting the leave of absence but if not clothed with such power under the law, the power vested in the Governor to grant the leave of absence necessarily implies the power to name a suitable person to perform the duties of the office during the period of the absence. The deputy or person desig-

nated takes the place of his principal and is subject to removal in like manner as the principal. The discretion of the Governor to grant or deny a leave of absence is not an arbitrary one.

Questions three and four are concluded by what we have said in answer to questions one and two.

In a separate letter dated April 29, 1942, you request an answer to the following question: "Whether or not, upon the induction into actual military service of the United States, of any County Superintendent of Public Instruction, there is created a vacancy in the office involved, such as I am required to fill by appointment under applicable constitutional provisions."

This question is also concluded by what we have said in answer to questions one and two herewith. It is controlled by the same constitutional and statutory provisions and in addition thereto is affected by certain provisions of Chapter 19355, Acts of 1939 by Chapter 20970, Acts of 1941 (School Code) but the latter amount to nothing more than a duplication of power or are such as do not materially change the situation.

Sincerely yours,

Armstead Brown,
Chief Justice.

J. B. Whitfield,

Glenn Terrell,

R. H. Chapman,

Alto Adams,
Justices.

May, 1942.

To His Excellency
Spessard L. Holland,
Governor of Florida
Sir:

We have for consideration your requests of April 28th and 29th, respectively, for our opinion under the provisions of Section 13 of Article IV of the Constitutution of Florida, in connection with conditions as they will exist if and when certain county officers referred to are required to enter upon active service in the United States Armed Forces.

I am unable to entirely concur with the opinion rendered to you by a majority of the Court and, while I realize that my individual views may be of little value to you, I feel it my duty to advise you of them.

Section 15 of Article XVI of our Constitution contains, in addition to the language quoted in your letter, the following, to-wit::

"And no person shall hold, or perform the functions of more than one office under the government, of this State at the same time; Provided, Notaries Public, militia officers, county school officers and Commissioners of Deeds may be elected or appointed to fill any Legislative, executive or judicial office."

Therefore, the proviso that *militia officers* may be elected or appointed to fill any Legislative, Executive or Judicial Office is material. When this provision of the Constitution was adopted there existed in the State of Florida a State Militia and that provision in the Constitution applied to the officers and men of the State Militia. At that time no power existed in the Federal Government to call out the troops of the sev-

eral states. The practice was, if they were needed, for the President of the United States to call upon the Governors of the several states to furnish certain quotas of troops to be inducted in the Federal service from the militia for the defense of the Nation. So, in the excepting of the members of the militia, under the above mentioned provision, every person who might become through the militia a member of the armed forces was included. Subsequent to that time the State Militia was dissolved and in lieu thereof there were set up various reserve organizations and the National Guard.

Therefore, it is my opinion that the provision above stated was intended to apply to the members of the armed forces of the State which might become integral parts of the armed forces of the United States, and that it, therefore, applies at this time to members of the National Guard and the Reserve Officers organization.

The status of the Sheriff, so far as this provision of the Constitution is concerned, was the same while he held a commission in the United States Army Reserves and was not called into active duty as it is since he has been called to active duty. I hold that he is entitled to the benefits of the exception above referred to on the theory that the words *"Militia Officers,"* because of changed conditions and the change of name of state organizations for military service, should be held to apply to the members of the National Guard and Officers Reserve organizations the same as if they had been named in the terms of the Constitution.

Therefore, no vacancy has occurred by reason of this provision of the Constitution in the office of

Sheriff by reason of his having been inducted into active service of the United States armed forces.

Your second question must be likewise answered and, in this connection, I may say that it is my opinion that under the provision of Chapter 7393 Acts of 1917, Sec. 466-469 C. G. L.; Chapter 20718, Chapter 20863 and Chapter 20970 Acts of 1941, you have the power and authority to determine whether you will grant a leave of absence for the duration of services required in the armed forces, or will withhold the granting of leave of absence and suspend the officer because of failure to comply with Section 17, Article XVI of our Constitution. See in Re: Opinion of Justices, 67 Fla. 423, 65 Sou. 4. Also see Sec. 3, Chapter 20718, Acts of 1941.

Paramount allegiance is due to the Federal Government. Sec. 2, Fla. Constitution. The Constitution and laws of the United States are the supreme law of the land. Article VI, Federal Constitution; Montgomery v. State, 55 Fla. 97, 45 Sou. 879.

The Constitution of Florida does not contemplate or intend that any of its provisions shall be so interpreted or applied as to violate or to interfere with the operation of any controlling and Constitutional Federal law. Nor does the Constitution contemplate or intend that any of its provisions shall be so interpreted or applied as to, ipso facto, deprive an officer under the laws of Florida of his tenure of office merely because such officer is caled to render service to the Federal Government under its dominant war powers. Nor is it contemplated that the executive constitutional powers of the Governor shall become dormant or inoperative merely to serve the interest of a

subordinate officer whose duty may call him to serve the Federal Government even as a member of the armed forces.

Section 17, Article XVI, Constitution of Florida, provides that:

"No person shall hold any office of trust or profit under the laws of this State without devoting his personal attention to the duties of the same."

The quoted organic section is not intended to operate where an officer under the laws of Florida (whose duties may be performed by a deputy or a substitute under applicable statutes) is rendering service under Acts of Congress and the war power of the President of the United States and *where* executive orders of the Governor under a state statute give leave of absence to the officer, during his term of office, for such service under controlling Federal authority. Nor does such absence from official duty *with leave* of the Governor, alone and of itself, necessarily constitute neglect of duty in office during such absence as a ground for suspension from office under Section 15, Article IV of the Constitution of Florida, or operate as an abandonment of the office, or affect the term or tenure of the officer, or create a vacancy in the office to be filled under Section 7, Article IV, Constitution, and Sections 461 to 464 C.G.L.; though such absence from official duty *with leave* of the Governor does necessarily create an occasion for the exercise of the authority of the Governor in his discretion under Section 6, Article IV of the Constitution, and the applicable statutes of the State to require the absent officer to designate a person satisfactory to the Governor to perform the duties of the office during

the authorized absence of the officer from his official duties under the laws of Florida during his term of office while rendering service as commanded by dominant governmental authority.

If, however, it is your conclusion that the provisions of Section 6, Article IV of our Constitution, cannot be complied with by granting the leave of absence, you have the power to refuse to grant the leave of absence and to suspend the officer for failure to comply with requirements of Section 17, Article XVI, supra.

The executive authority of the Governor is applicable to Chapter 20970 as to Chapters 20718 and 20863, Laws of Florida, and such chapters should be interpreted and applied with reference to the executive powers and duties of the Governor under the Constitution of Florida.

Your third and fourth questions as contained in your letter of April 28th and also the question propounded in your letter of April 29th, are answered by what is said, supra.

While the County Superintendent of Public Instruction is a constitutional officer and is not authorized by law to appoint, and act through, a deputy, all of his duties are administrative or clerical and do not involve the exercise of discretionary powers. It is, therefore, my opinion that, under your direction as Governor, the County Board of Public Instruction may designate a suitable person to perform the duties of the office of Superintendent (properly safeguarding the public interest) during such enforced absence under leave of the Governor.      Respectfully,

RB j

/s/ Rivers Buford
Justice of the Supreme Court.

I concur:
/s/ Elwyn Thomas
Justice Supreme Court.

We concur except that in our opinion neither Section 15, Article IV, nor section 17, Article XVI, of the Constitution of Florida operates to authorize the executive suspension from office of a sheriff who is not at fault, *merely* on the ground that he will be absent from his office because he is called to service in the armed forces of the United States pursuant to Acts of Congress and the war power of the President under the Federal Constitution. This is so because the Federal authority in its sphere of operation is paramount, and the Governor's executive power under the Florida Constitution is ample to enable him to "take care that the laws be faithfully executed" through the office of the Sheriff, pursuant to Section 6, Article IV, of the Florida Constitution and applicable statutory enactments. Respectfully,

/s/ Armstead Brown,
J. B. Whitfield,
Justices.