## IN RE ADVISORY OPINION TO GOVERNOR

9 So. (2nd) 172 En Banc
July 8, 1942

PER CURIAM:

State of Florida
Executive Department
Tallahassee
June 19, 1942

Spessard L. Holland, Governor

Ralph Davis, Executive Secretary

To the Honorable, the Chief Justice and Justices of the Supreme Court of the State of Florida, Tallahassee, Florida.

Gentlemen:

I have the honor to acknowledge with deep appreciation receipt of your Advisory Opinion of May 12, 1942, in response to requests as to my constitutional powers and duties in view of certain statutes governing leaves of absence to officials entering service in the armed forces of the United States, with particular reference to Sheriffs and County Superintendents of Public Instruction.

I have interpreted your opinion to mean:

1st. That Chapter 20718, Acts of 1941, is a constitutionally valid and effective enactment in its undertaking to secure to all elected or appointed officials under the government of this State their tenure of office and that no vacancy in contemplation of any provision of the Constitution of this State is created in any civil office under the government of this State by the induction into the service of the armed forces of the United States of the incumbent of such office.

2nd. That, exclusive of County Superintendents of Public Instruction, there are two general classes of public officials, each of which is to receive different treatment, to-wit: that class whose members have

statutory authority to appoint deputies to perform the duties of the office, and that class whose members do not have such authority. That as to the class first mentioned, the officer requesting leave of absence under the statute should, before or at the time of requesting such leave, name a competent person as deputy to perform the duties of the office during such leave, and that as to the second class, the Governor has the power to name a suitable person, as an acting official, to perform the duties of the office during such leave.

3rd. That as to a County Superintendent of Public Instruction, notwithstanding the language of Section 2 of Chapter 20970, Acts of 1941, purporting to entitle, as a matter of course, that official to a leave of absence whe.1 he shall be called into active training or service in the armed forces of the United States, the Governor may grant or withhold leave of absence, but, if leave is granted, the appropriate County Board of Public Instruction shall be directed by the Governor to designate a suitable person as acting superintendent to perform the duties of the office during such leave.

4th. That the constitutional powers and duties of the Governor in the matter of suspension of public officials from office are not affected or impaired by the statute, but continue of full force and effect with reference to deputies named by the first class of public officials, as above mentioned, and to the persons appointed by the Governor in the second class, as well as to acting County Superintendents of Public Instruction, as above designated.

Being in doubt as to the correctness of my interpretation of the Advisory Opinion, and on account of

the apparent lack of full understanding thereof by public officials of all classes, some of whom have already been inducted into the military service of the United States and others of whom are expecting induction, I would deeply appreciate your further written opinion, by way of clarification of the original Advisory Opinion, as to whether or not my interpretation, as above indicated, is correct.

Furthermore, doubt having been expressed, in which I share, as to the effect, if any, upon my constitutional powers, of the statute cited as to members of the judiciary, viz: circuit judges, judges of criminal courts of record, judges of courts of crime, judges of civil courts of record, judges of the court of record, county judges, juvenile court judges, and justices of the peace, and other officials possessing quasi-judicial or discretionary powers, I now have the honor to request your written opinion as to whether, in the event leave of absence be applied for and granted to one of the above mentioned officials, a vacancy in office would thereby be created which my constitutional power and duty would allow me to fill, or, if no vacancy is thereby created, whether or not my constitutional power and duty would allow me to appoint a substitute or acting judge to perform the duties of the office during such leave; and whether or not the fact that circuit judges are not subject to suspension by the Governor, but are removable from office only by impeachment, would alter or affect my constitutional powers and duties in the premises.

Very respectfully,

(Signed) Spessard L. Holland

SPESSARD L. HOLLAND,

Governor

July 8, 1942

To His Excellency
Spessard L. Holland
Governor of Florida
Dear Sir:

Your request for a further advisory opinion under Section 13, Article IV of the Constitution has been duly considered. Advisory opinions to the Governor are authorized by the Constitution and are therein limited to the interpretation of any portion of the Constitution upon any question affecting the executive powers and duties of the Governor. Statutes may be so interpreted in such advisory opinions only when and as they directly affect the executive powers and duties of the Governor under the Constitution.

In view of the express limitations upon such advisory opinions, the Justices in their former opinions herein in effect advised that Chapter 20718, as amended by Chapter 20863, revised and modified the provisions of Chapter 7393, Acts of 1917, on the same subject. Such statute was not interpreted beyond its relation to the executive powers and duties of the Governor under the Constitution.

The quotation in the main opinion, viz:

"The purpose of the later Act was to secure to all State and county officers their tenure during the time for which elected if called into the armed forces of the United States," means of course, subject to controlling provisions of the Constitution as contemplated by Section 10, Chapter 20718; and, as stated in both opinions, all the applicable statutes should be interpreted and applied with reference to the executive powers and duties of the Governor under the *Constitution*. Only the offices of sheriff and of county

superintendent of public instruction were considered in the former opinions herein. Some of the general language in the opinion had reference to the apparent scope of the statute. To preserve current terms of office within constitutional limits is the intent of the statute.

Sheriffs appoint deputies under the statutes; and, upon granting leave of absence to a sheriff for national military or naval or other war purposes, the Governor may under Section 17, Article XVI of the Constitution declare a compulsory absence of the sheriff from official duty in the war service, and if a deputy duly appointed by the sheriff is satisfactory to the Governor, he may designate such person, or if not satisfactory he may in his executive discretion designate another, to perform the duties of the office during such absence of the sheriff not longer than the remainder of the term, the Governor by appropriate means taking care that the laws are faithfully executed by the person performing the functions of the absent sheriff, as in the case of the sheriff himself when present. Sheriffs are administrative officers.

The Constitution in Section 15, Article XVI provides that: "no person shall hold, or perform the functions of, more than one office under the government of this State at the same time; Provided," etc.

This makes a constitutional distinction between holding an office and performing the functions of an office. While under the Constitution the Governor may suspend from office, on any one or more of the grounds specifically enumerated in Section 15, Article IV, officers who are not subject to impeachment, he is not authorized by Section 17, Article XVI of the Constitution to suspend an officer because of mere

absence with leave in national war service under the paramount Federal war power, unless in such absence there is involved a neglect of duty in office, or other ground of suspension under Section 15, Article IV.

An officer's absence with leave in war service does not ipso facto create a vacancy in the office or constitute neglect of duty in office under Section 15, Article IV of the Constitution. Sections 17 and 18, Article XVI, were adopted to serve a purpose distinct from Section 15, Article IV, Constitution. The Governor's executive power and duty under the Constitution to take care that the laws be faithfully executed may operate in conjunction with other provisions of law when specific regulations are not provided.

The stated interpretation gives appropriate effect to organic provisions relative to the executive powers and duties of the Governor under the Constitution in the premises and serves to preserve as far as permissible under the Constitution and law, the tenures of office of those responding to the war demands of their country.

The above statements indicate a proper course of procedure as to other administrative or ministerial officers under applicable statutes having relation to such officers on leave in war service, and affecting the Governor's executive powers and duties under the Constitution of Florida. Applicable statutes designed to preserve the official tenures of administrative or ministerial officers who, without official dereliction, are absent with leave in war service, may be given effect within organic limitations when the executive powers and duties of the Governor under the Constitution are not unduly affected by such statutes.

The Constitution (Section 1, Article IV) vests "the Supreme Executive power of the State" which includes the supreme appointing power of the State "in a Chief Magistrate who shall be called the Governor of Florida;" and no express or implied provision of the Constitution forbids the Governor to appoint a proper person to perform the duties of a ministerial or administrative or judicial officer who is not subject to impeachment, when the incumbent of the office is absent in the war service of the United States. The Federal authority is supreme in all war activities when the United States is engaged in war; and the Florida Constitution and laws contemplate that the State shall cooperate with the Federal power in time of war. See Section 4, Article IV; Section 3, Article XIV; Section 2, Declaration of Rights.

The Constitution also contemplates that the supreme appointing power of the Governor, as other supreme State executive powers, when not forbidden, shall be duly exercised whenever the United States calls to war service any person who is an officer under the Constitution and Laws of Florida, to the end that the duties of an incumbent officer who is absent in war service shall be duly and faithfully performed by an appointee of the Governor under his supreme appointing power and under the general power and duty conferred upon the Governor by Section 6, Article IV, of the Constitution.

Emergencies do not create power or authority; but emergencies may afford occasions for the exercise of powers already existing. This principle of law is peculiarly applicable to executive powers and authority to meet great public emergencies and to conserve governmental efficiency and the welfare of the State.

54

Implied power when not forbidden is as potent as power expressly conferred.

The Governor may suspend officers who are not subject to impeachment, and then appoint proper persons to perform the duties of the offices pending such suspensions. The Constitution does not contemplate that an officer shall be suspended from office merely because he is absent in war service under the paramount Federal authority, but does contemplate that the official duties of such officers shall be faithfully performed in the absence of the officers. This being so, certainly the supreme executive appointing power and the duty of the Governor under the Constitution to take care that the laws be faithfully executed, are sufficient and imperative, when not forbidden to authorize the Governor to appoint a proper person to perform the duties of such an absent officer, pending his compulsory absence from office, in rendering war service during the current term, when the officer is not at fault. This enables the Governor to take care that the duties of the office be faithfully performed during the absence of the officer, without affecting the officer's term of office, and permits the officer who has been absent without fault, to resume his official duties as of right, upon his return during his current term, such term not being affected by the absence of the officer in war service under the supreme authority of the United States.

The foregoing may be considered as explanatory of the grounds underlying our advisory opinion of May 12, 1942, which opinion we construe to be in harmony with your interpretation as expressed in paragraphs one, two, three and four of your letter of June 19, 1942.

To the last paragraph of your letter of the 19th we reply:

Circuit judges are subject to impeachment under Section 29, Article III, of the Constitution, but not to suspension from office by the Governor, and the Constitution does not expressly authorize the Governor to appoint a circuit judge except to fill a vacancy in the office; and as mere absence, with leave, of a circuit judge in war service does not ipso facto create a vacancy in the office, the Constitution does not authorize the Governor to appoint a circuit judge merely because the circuit judge in office is absent with leave in war service, and has not resigned or abandoned the office. Unlike other officers, circuit judges may, under paragraph 3, of Section 8, Article V of the Constitution, be assigned by executive order of the Governor to hold terms or parts of terms in any other circuit of the State. Additional circuit judges may be appointed by the Governor in circuits containing the required population when so authorized by statute. Section 45, Article V, Constitution. Under Section 19, Article V, judges ad litem in certain cases may be agreed upon by the parties to civil cases in the circuit courts or county courts. Practicing attorneys may be appointed referees in civil causes as authorized by Section 20, Article V. See also Section 39, Article V, as to powers of the Court of Record similar to circuit courts.

The judge of the court of record of Escambia County, under Section 39, Article V of the Constitution, is not expressly made subject to impeachment under Section 29, Article III of the Constitution. Though he has most of the powers of a circuit judge, he nevertheless may be subject to suspension from

office by the Governor on one or more of the grounds specified in Section 15, Article IV; but mere absence with leave in war service of a judge of the court of record is not made a ground for suspension from office under Section 15, Article IV of the Constitution. Under Section 39, Article V, "the Governor may, in his discretion, order any one of the circuit judges of the State to hold one or more terms or parts of terms of said court of record.". This may suffice to supply a judge for the court of record.

Criminal courts of record, courts of crimes, civil courts of record and juvenile courts are created by statute under authority of the Constitution. County judges and justices of the peace are provided for by the Constitution. Unlike circuit judges, the judges of all such courts are subject to suspension under Section 15, Article IV of the Constitution, but as in the case of other officers their mere absence with leave while in war service does not create vacancies in office and does not of itself subject them to suspension from office under Section 15, Article IV.

If, in case of absence with leave in war service, other judges of similar courts below circuit judges cannot be transferred for temporary service in the place of an absent judge under statutes, or if such temporary transfers of such judges do not meet the public requirement of the office, the Governor may under Sections 1 and 6, Article IV of the Constitution accept the resignation of the judge during his war service or may declare a compulsory absence from official duty of the judge in war service during the war service and appoint a proper person to perform the duties of the office during such absence of the

judge or until the end of his term, subject in all cases to the return of the officer from war service.

Very respectfully,

/s/ Armstead Brown,
Chief Justice.

/s/ J. B. Whitfield

/s/ Glenn Terrell

/s/ R. H. Chapman

Justices.

July 8, 1942

To His Excellency
Spessard L. Holland
Governor of Florida

Dear Sir:

We have for consideration your request of June 19, 1942, for advise of the Justices of the Supreme Court pursuant to Section 13 of Article IV of our Constitution.

I think the interpretation of the advice submitted to you by a majority of the Justices in the letter of May 12, 1942, as contained in your letter of June 19, 1942, is correct.

Under Section 1 of Article IV of the Constitution, the supreme executive power of the State is vested in the Governor. Section 34 of Article III, Section 7 of Article IV and Section 15 of Article IV define the conditions under which the Governor may appoint officers. It is my opinion that the power of the Governor to appoint officers is limited by these pro-

visions of the Constitution and that he has no power to appoint temporary or acting officers.

In other words, it is my opinion that the Governor has no power or authority to appoint a substitute or acting judge. The Constitution contemplates no such official position. I think that it is within the discretionary power of the Governor to grant any of the judges above referred to leave of absence, if conditions are such that the Governor can transfer or assign some other judge to perform the duties of the absent judge, or, in case of Circuit Judges, if there are enough judges remaining in the circuit to perform the duties devolving upon the office of circuit judge; but, if the Governor, in the exercise of that discretion concludes that for the good of the public there must be and remain a duly qualified local judge, then he may withhold his consent to the absence of the judge, although that judge is called into the service of the Armed Forces of the United States.

Very respectfully,

/s/ Alto Adams,

AA/j Justice of Supreme Court.

July 8, 1942

To His Excellency
Spessard L. Holland,
Governor of Florida.

Dear Sir:

We have for consideration your request of June 19, 1942 for advice of the Justices of the Supreme Court pursuant to Section 13 of Article IV of our Constitution.

In complying with such requests, the Justices do not act as a judicial body but as individual judicial

officers. The advice so given to the Governor is not binding upon the Governor but is only advisory. Such advices are not binding on the Court so as to be controlling in litigated cases.

My views on the matters in regard to which you requested our advice in your two letters of April 29, 1942 were not in harmony with those expressed by a majority of the Justices of the Supreme Court.

I think the interpretation of the advice submitted to you by a majority of the Justices in the letter of May 12, 1942, as contained in your letter of June 19, 1942, is correct. I am, however, unable to concur in the advice so rendered.

I am not concerned with the statutes referred to in any of the former communications in regard to the matter under consideration. It is my opinion that the duties of the Governor in this regard are fixed by the Constitution and that statutes are ineffective to modify or abrogate the sovereign powers and duties of the Governor.

Under Section 1 of Article IV of the Constitution, the supreme executive power of the State is vested in the Governor. Section 34 of Article III, Section 7 of Article IV and Section 15 of Article IV define the conditions under which the Governor may appoint officers. It is my opinion that the power of the Governor to appoint officers is limited by these provisions of the Constitution and that he has no power to appoint temporary or acting officers.

Section 17 of Article XVI of the Constitution provides:

"No person shall hold any office of trust or profit under the laws of this State without devoting his personal attention to the duties of the same."

Therefore, it is the duty of every person who holds any office of trust or profit under the laws of this State to devote his personal attention to the duties of that office.

Section 6 of Article IV provides:

"The Governor shall take care that the laws be faithfully executed."

The paramount law is the Constitution. The Constitution requires the officer to give his personal attention to the office and this duty will continue unless the Governor, under the Supreme power vested in him by Section 1 of Article IV of the Constitution, grants such officer leave of absence.

Now, reverting to that paragraph of your letter of June 19, reading as follows:

"Furthermore, doubt having been expressed, in which I share, as to the effect, if any, upon my constitutional powers, of the statute cited as to members of the judiciary, viz: circuit judges, judges of criminal courts of record, judges of courts of crime, judges of civil courts of record, judges of the court of record, county judges, juvenile court judges, and justices of the peace, and other officials possessing quasi-judicial or discretionary powers, I now have the honor to request your written opinion as to whether, in the event leave of absence be applied for and granted to one of the above mentioned officials, a vacancy in office would thereby be created which my constitutional power and duty would allow me to fill, or, if no vacancy is thereby created, whether or not my constitutional power and duty would allow me to appoint a substitute or acting judge to perform the duties of the office during such leave; and whether or not the fact that Circuit Judges are not subject to

suspension by the Governor, but are removable from office only by impeachment, would alter or affect my constitutional powers and duties in the premises."

I beg to say: It is my opinion that the Governor has no power or authority to appoint a substitute or acting judge. The Constitution contemplates no such official position. I think that it is within the discretionary power of the Governor to grant any of the judges above referred to leave of absence, if conditions are such that the Governor can transfer or assign some other judge to perform the duties of the absent judge, or, in case of circuit judges, if there are enough judges remaining in the circuit to perform the duties devolving upon the office of circuit judge; but, if the Governor, in the exercice of that discretion concludes that for the good of the public there must be and remain a duly qualified local judge, then he may withhold his consent to the absence of the judge, although that judge is called into the service of the Armed Forces of the United States.

In cases where the Governor withholds consent to absence and has the power of suspension, he may suspend such judge because of such absence from his duties as judge, and thereupon appoint, under the provisions of the Constitution, a judge to fill such vacancy during such suspension.

If, however, the judgship is one over which the Governor has no power of suspension and the Governor withholds his consent to the absence of the judge, no vacancy will occur which may be filled by appointment by the Governor unless and until the legislature takes affirmative action by impeachment. See, In Re: Opinion of Justices, 67 Fla. 423, 65 Sou. 4.

I know of no authority anywhere vested by which the Governor may be stripped of his sovereign power as Chief Executive of a State except in cases where the State, by reason of some emergency, is placed under martial law and the civil powers are thereby suspended.

Therefore, while the Federal Law is paramount and the officer of a State must yield to the paramount law requiring his services in the Armed Forces of the United States, it is just his misfortune that he may not be permitted to continue his civil office while rendering that paramount service to his country. The civil officer stands in the .same position as other citizens. The merchant must abandon his business; the lawyer and the doctor must abandon their practice; the dairyman and the farmer must abandon their enterprises because of the paramount duty to serve the Nation in War. The office-holder is protected by no halo under the Constitution which will immunize him from sacrifice or which may guarantee his tenure of office regardless of his inability, because of the emergency, to give it his personal attention.

Respectfully,
/s/ Rivers Buford

RB/j Justice of Supreme Court.

I concur: (signed) Elwyn Thomas, Justice of the Supreme Court.